IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES W. McNEESE,

    **Plaintiff,**

v.                                                            CASE NO. 24-3227-JWL

(FNU) ANDERSON, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is in custody at the Sedgwick County Jail in Wichita, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. On December 23, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's responses (Docs. 5, 8).

Plaintiff alleges that on January 5, 2024, Officer Anderson came into Plaintiff's cell and placed something in Plaintiff's body without Plaintiff's consent, leaving blood running down Plaintiff's side. (Doc. 1, at 2.) Plaintiff states that he failed to exhaust his remedies on his grievance. *Id*. at 5. Plaintiff names as defendants: (fnu) Anderson, SCJ Officer; and (fnu) (lnu) Med Passer at the SCJ. For relief, Plaintiff seeks to see an outside private doctor and punitive damages in the amount of $100,000. *Id*.

The Court found in the MOSC that this matter is subject to dismissal as duplicative of Case No. 24-3153. Plaintiff raises the same claims in this case that he raised in Case No. 24-3153. *See McNeese v. Anderson*, Case No. 24-3153-JWL (D. Kan.). Case No. 24-3153 was

dismissed for failure to state a claim on November 4, 2024. *Id*. at Docs. 9, 10. Plaintiff filed a Notice of Appeal (Doc. 15) which is currently pending in the Tenth Circuit Court of Appeals.

The Court ordered Plaintiff to show good cause why this action should not be dismissed as duplicative. The Court also noted that Plaintiff indicated that he failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

In his response, Plaintiff reargues his claims and states that he was not aware of how to follow the proper procedure to exhaust his administrative remedies. (Doc. 5.) He also indicates that he decided to go "pro se" in his state criminal case. *Id*.; *see also* Doc. 7.

Plaintiff also filed a document in this case titled "Complaint January," asking the Court to excuse his untimely appeal in Case No. 24-3153. (Doc. 8.) Plaintiff also asks the Court to contact the SCJ to advise them that Plaintiff has a right to exhaust his administrative remedies. *Id*. Plaintiff also asks this Court to appear at his next state court criminal proceeding. Plaintiff claims that he is being harassed, denied phone privileges, and is being moved around the jail. Plaintiff claims that he filed a grievance on January 12, 2025.

To the extent Plaintiff seeks relief in Doc. 8, it is denied. Any request regarding his appeal in Case No. 24-3153 must be filed in that case. This Court does not contact facilities regarding exhaustion and does not attend state court criminal proceedings. Lastly, if Plaintiff believes he has a claim for retaliation or harassment that occurred following the filing of this case, he should bring those claims in a properly-filed complaint following the exhaustion of his administrative remedies for those claims.

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Therefore, this matter is dismissed as duplicative. The general policy against duplicative cases exists because:

> When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process. *See Werner v. Utah*, 32 F.3d 1446, 1447, 1449 (10th Cir. 1994). "[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks omitted) (first alteration in original). "The unnecessary burden placed upon the judicial process in adjudicating these frivolous and malicious lawsuits is obvious." *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986). "[T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious . . . . No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam).

*Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013).

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** as frivolous or malicious.

**IT IS SO ORDERED**.

**Dated January 29, 2025, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**

3